Patricia A. O'Connor (PO5645)
BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LINDA LOPEZ,

                Docket No.:

         Plaintiff,

  -against-

                **NOTICE OF REMOVAL**

WAL-MART STORES, INC.,

         Defendant.
-----------------------------------------------------------------X

TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK:

      Defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART STORES, INC. for the removal of this action from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, respectfully shows this Honorable Court:

      FIRST:    Defendant, WAL-MART STORES EAST, LP i/s/h/a WAL-MART STORES, INC., is a defendant in a Civil action brought against it in the Supreme Court of the State of New York, County of Bronx, entitled:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
LINDA LOPEZ,

                              Plaintiff,

    -against-

WAL-MART STORES, INC.

                              Defendant.
------------------------------------------------------------------X

Index No.: 23804/06

       SECOND: A copy of the Summons and Verified Complaint in this action is annexed hereto and made a part hereof and upon information and belief, constitutes all process, pleadings and orders served therein.

       THIRD: On or about May 10, 2007, plaintiff served a response to CPLR 3017(c) demand, praying for damages in the total amount of two million dollars ($2,000,000.00). Thus, this notice of removal is timely under the provisions of 28 USC §1446(b).

       FOURTH: That this action seeks recovery for damages sustained as a result of personal injuries allegedly suffered by the plaintiff while on the defendant's premises.

       FIFTH: The grounds for removal are that this Court has original jurisdiction pursuant to 28 § 1332(a)(1). The amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

       SIXTH: The defendant, WAL-MART STORES EAST, LP, is a Delaware limited partnership with its corporate headquarters and principal place of business in Arkansas. WSE Investment, LLC, is the limited partner of WAL-MART STORES EAST, LP, and WSE Management, LLC is the General Partner. Both are Delaware companies with their principal places of business in Arkansas. The sole member of both limited liability companies is Wal-Mart Stores

East, Inc. Wal-Mart Stores East, Inc. is a citizen of Arkansas. It is incorporated in Arkansas and its principal place of business is in Arkansas. Thus, for diversity purposes, the defendant is a citizen of Arkansas. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990) (stating that, for purposes of diversity jurisdiction, limited partnerships have the citizenship of each of its general and limited partners); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998) (stating that, for purposes of diversity jurisdiction, a limited liability company has the citizenship of its members).

    SEVENTH: Upon information and belief, Plaintiff is a citizen of the State of New York, County of Bronx.

    EIGHTH: In that this action is between citizens of different states and seeks damages in excess of $75,000.00, than pursuant to 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 1441 and § 1446 the case should be removed from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York.

Dated: Northport, New York
       May 14, 2007

                Yours, etc.

                BRODY, O'CONNOR & O'CONNOR, ESQS.
                Attorneys for Defendant

        By: _____
                PATRICIA A. O'CONNOR (PO5645)
                7 Bayview Avenue
                Northport, New York 11768
                (631) 261-7778
                File No.: WM 06-405 PO

TO:   ALPERT & KAUFMAN, LLP
      Attorneys for Plaintiff
      233 Broadway
      New York, New York 10279
      (212) 349-2000

WM 06405

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------X
LINDA LOPEZ,

                    Plaintiff,

      -against-

WAL-MART STORES, INC.,

                    Defendant.
-----------------------------------------X

Index No.: 23804-06

SUMMONS

Plaintiff designates BRONX County as the place of trial.

The basis of venue is: Plaintiff's residence

Plaintiff resides at:
120 Benchley Place
Apt. 27B
Bronx, NY 10475
County of BRONX

RECEIVED 2006 DEC -4 AM 9:44 COUNTY CLERK BRONX COUNTY

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      December 1, 2006

Yours, etc.

ALPERT & KAUFMAN, LLP

By: _____
Morton Alpert
Attorneys for Plaintiff
Office & P.O. Address
233 Broadway
New York, New York 10279
212-349-2000

TO: WAL-MART STORES, INC.
    111 8TH Avenue
    New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------X
LINDA LOPEZ,                                    Index No.:

                Plaintiff,         **COMPLAINT**

     -against-

WAL-MART STORES, INC.,

                Defendant.
------------------------------------------X

    Plaintiff, Linda Lopez, by her attorneys, Alpert & Kaufman, LLP, complaining of the defendant set forth and allege as follows:

**FIRST**: At all times hereinafter mentioned, plaintiff, Linda Lopez was and still is a resident of the County of Bronx, State of New York.

**SECOND**: Upon information and belief at all times hereinafter mentioned, defendant, Wal-Mart Stores, Inc., was and still is a foreign business corporation duly authorized to do business in the State of New York, having an office for the transaction of business in the County of New York, State of New York.

**THIRD**: Upon information and belief at all times hereinafter mentioned and on August 4, 2006, defendant, WAL-MART STORES, INC. owned premises known and designated as 2400 Veterans Memorial Parkway, County of Volusia, State of Florida.

**FOURTH**: Upon information and belief at all times hereinafter mentioned and on August 4, 2006, defendant, WAL-MART STORES, INC., a foreign business corporation, by its agents, servants and/or employees operated, leased, maintained and controlled premises known and designated as 2400 Veterans Memorial Parkway, County of Volusia, State of Florida.

**FIFTH**: Upon information and belief at all times hereinafter mentioned and on August 4, 2006, defendants, owned a certain Super Center located at 2400 Veteran's Memorial Parkway, County of Volusia, State of Florida for which it invited the public as patrons and guests for lawful purposes intended therein.

**SIXTH**: Defendants, by its agents, servants and/or employees had a duty to maintain the premises in a reasonably safe condition for members of the public, including the plaintiff, Linda Lopez herein.

**SEVENTH**: That on August 4, 2006, plaintiff, Linda Lopez was caused to slip and fall and be precipitated to the ground at the aforementioned premises, more particularly the aisle.

**EIGHTH**: That the accident and injuries resulting therefrom were caused solely by reason of the negligence of the defendant, by its agents, servants and/or employees, and without any negligence on the part of the plaintiff, Linda Lopez contributing thereto.

**NINTH**: That defendant, by its agents, servants and/or employees was reckless, careless and negligent in the ownership, operation, maintenance and control of said premises and in failing to maintain the premises in a reasonably safe condition, more particularly the aisle.

**TENTH**: That solely by reason of the negligence of the defendant as aforesaid, plaintiff, Linda Lopez, became sick, sore, lame and disabled and still remains and still suffers; was caused to suffer great pain and mental anguish; sustained injuries in and about her body, arms and limbs, including injuries to soft tissues and ligaments; was obligated to expend sums of money for hospital and medical treatment; was caused to limit and curtail her activities; was caused to spend periods of time at home and in a hospital in an effort to enable her injuries to heal, and upon information and belief, will continue to suffer the results of severe personal injuries for an extended period of time.

**ELEVENTH**: The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendant in an amount to be determined by the trial of this action together with costs and disbursements of this action.

```
                                        Yours, etc.

Dated: New York, New York               ALPERT & KAUFMAN, LLP
       December 1, 2006

                                        By: [signature]
                                            Morton Alpert
                                        Attorneys for Plaintiff
                                        Office & P.O. Address
                                        233 Broadway
                                        New York, New York 10279
                                        212-349-2000


TO:  WAL-MART STORES, INC.
     111 8TH Avenue
     New York, New York 10011
```

# AFFIDAVIT OF MAILING

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF SUFFOLK        )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 15th day of May, 2007, deponent served the within CIVIL COVER SHEET, RULE 7.1 STATEMENT and NOTICE OF REMOVAL

UPON:

ALPERT & KAUFMAN, LLP
Attorneys for Plaintiff
233 Broadway
New York, New York 10279
(212) 349-2000

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA SANACORA

Sworn to before me this
15th day of May, 2007.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02OC6026006
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES ON 6/6/20_10_.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA LOPEZ,

                                                      Plaintiff,

-against-

WAL-MART STORES, INC.,

                                                      Defendant.

## CIVIL COVER SHEET, RULE 7.1 STATEMENT and NOTICE OF REMOVAL

Attorneys for Defendant

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

7 BAYVIEW AVENUE
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-6411

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: ..........................................  Signature ..........................................

                                               Print Signer's Name ..........................................

Service of a copy of the within                                      is hereby admitted.
Dated:

                                                               ..........................................

                                                               Attorney(s) for

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY    that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                 20

☐ NOTICE OF SETTLEMENT    that an Order of which the within is a true copy will be presented for settlement to the
Hon.                           one of the judges of the within named Court,
at
on                     20      , at             M.

(Check Applicable Box)

Dated:

                                                             **BRODY, O'CONNOR & O'CONNOR, ESQS.**
                                 Attorneys for

                                                               7 BAYVIEW AVENUE
                                                                NORTHPORT, NEW YORK 11768
To:                                                          (631) 261-7778
                                                               FAX (631) 261-6411

Attorney(s) for