# BRODY, O'CONNOR & O'CONNOR, ESQS.
## ATTORNEYS AT LAW
### 7 BAYVIEW AVENUE
### NORTHPORT, NEW YORK 11768

SCOTT A. BRODY♦
THOMAS M. O'CONNOR♦
PATRICIA A. O'CONNOR

(631) 261-7778
Fax (631) 261-6411

Nassau Office:

333 Jericho Turnpike
Suite 236
Jericho, New York 11753

TANYA M. DeMAIO
AISHA K. BROSNAN
JONATHAN F. BANKS
NICOLE U. MARMANILLO†
JOSHUA M. WEKSTEIN
DEVEN A. SMITH

New York Office:

111 John Street
Suite 900
New York, New York 10038
(212) 233-2505
(212) 233-2506 - Fax

OF COUNSEL

DENIS BRODY
JOSEPH P. MINASI†
CRAIG J. TORTORA

♦ Also Admitted to Florida Bar
* Also Admitted to Connecticut Bar
† Also Admitted to New Jersey Bar

October 15, 2007

Chambers of Magistrate Judge Theodore H. Katz
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Linda Lopez v. Wal-Mart Stores East, LP
      07 CV 03912

Honorable Sir:

The above referenced matter is one brought to recover damages for personal injuries allegedly suffered on August 4, 2006 at approximately 3:30 p.m. when plaintiff slipped on water in a Wal-Mart store in Sanford, Florida. This firm represents the defendant, Wal-Mart Stores East, LP, in this litigation. Please let this serve as our letter application for an order, pursuant to Rule 30(b)(7), that a deposition of a Wal-Mart assistant manager in Florida be taken by telephone or other remote electronic means.

The alleged eyewitness to the accident, James LeBrun, is no longer an employee of Wal-Mart. We have provided plaintiff with his last known address. The assistant manager named on the store's accident report, Racquel Hutson, is now an employee of a Wal-Mart store in Miami, Florida. We are given to understand that she was the member of management who esponded to the scene after the accident had already occurred and filled out the accident report. On numerous occasions we have requested that plaintiff consent to conduct the deposition of Racquel Hutson via telephone or other electronic means, the last being by facsimile on October 5, 2007, a copy of which is annexed hereto. To date, we have had no response.

It is respectfully requested that the deposition of Racquel Hutson be conducted via telephone or other

*Lopez. v. Wal-Mart Stores East, LP 07 CV 03912*
**Page Two**
*October 15, 2007*

electronic means. The

> Federal Rules of Civil Procedure authorize the court to permit a telephone deposition and such permission should be granted unless an objecting party will likely be prejudiced or the method employed "would not reasonably ensure accuracy and trustworthiness . . . ." *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 446 (W.D.Mich. 1993) (citing *Colonial Times, Inc. v. Gasch*, 166 U.S. App. D.C. 184, 509 F.2d 517 (D.C. Cir. 1975). Thus, authorization of a telephone deposition does not depend upon a showing of hardship by the applicant. *See, e.g., id.* at 446; *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 430-31 (M.D.N.C. 1986).

*Fireman's Fund Ins. Co. v. Zoufaly*, 93 CV 1890 (SWK) (1994). The rationale for the rule is to minimize unnecessary costs to parties whenever that can be accomplished with no loss of accuracy and integrity. *Id.*

It is respectfully submitted that a telephone deposition of Racquel Hutson would not result in any prejudice to the plaintiff. Moreover, it would serve the purpose of alleviating airline and hotel costs for the unnecessary travel of Ms. Hutson from Florida to New York, for what should be a very short deposition, with no loss of accuracy and integrity.

Respectfully submitted,

BRODY, O'CONNOR & O'CONNOR, ESQS.

Patricia A. O'Connor (PO5645)

cc:   Gary Slobin

# BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys at Law
7 Bayview Avenue
Northport, New York 11768
Telephone: (631) 261-7778
Facsimile: (631) 261-6411

Date: October 5, 2007

Message To: Gary Slobin

Company: Alpert & Kaufman, LLP

Fax: 212-964-6161

From: Patricia A. O'Connor

**Re:** **LOPEZ v. WAL-MART STORES, INC. et al.**
**Index No.: 23804/2006**
**Our File: WM 06-405 PO**

Total number of pages sent (including cover sheet)     1

---

Gary,

We have been advised that our witness in this matter, James LeBrun, is no longer an employee of Wal-Mart. His last known address is 3311 San Jacinto Circle, Sanford, Florida. The assistant manager named on the accident report, Racquel Hutson, is now an employee of store 1996 in Florida. I hereby request, again, that you permit the deposition of Wal-Mart via telephone or other electronic means pursuant to Rule 30(b)(7) in lieu of requiring a witness with little or no information regarding this event to fly to New York to give testimony.

Thanks, Pat

*THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, OR OTHERWISE PROTECTED FROM DISCLOSURE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR IS THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, THE READER IS HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS MESSAGE IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*