# BRODY, O'CONNOR & O'CONNOR, ESQS.
### ATTORNEYS AT LAW
### 7 BAYVIEW AVENUE
### NORTHPORT, NEW YORK 11768

SCOTT A. BRODY
THOMAS M. O'CONNOR•
PATRICIA A. O'CONNOR•

(631) 261-7778
Fax (631) 261-6411

TANYA M. DeMAIO
AISHA K. BROSNAN
JONATHAN F. BANKS
NICOLE U. MARMANILLO•
JOSHUA M. WEKSTEIN
DEVEN A. SMITH

OF COUNSEL

DENIS BRODY
JOSEPH P. MINASI•
CRAIG J. TORTORA

• Also Admitted to Florida Bar
• Also Admitted to Connecticut Bar
• Also Admitted to New Jersey Bar

Nassau Office:

333 Jericho Turnpike
Suite 236
Jericho, New York 11753

New York Office:

111 John Street
Suite 900
New York, New York 10038
(212) 233-2505
(212) 233-2506 - Fax

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/07
```

October 15, 2007



Chambers of Magistrate Judge Theodore H. Katz
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Linda Lopez v. Wal-Mart Stores East, LP
      07 CV 03912

Honorable Sir:

The above referenced matter is one brought to recover damages for personal injuries allegedly suffered on August 4, 2006 at approximately 3:30 p.m. when plaintiff slipped on water in a Wal-Mart store in Sanford, Florida. This firm represents the defendant, Wal-Mart Stores East, LP, in this litigation. Please let this serve as our <u>letter application for an order, pursuant to Rule 30(b)(7), that a deposition of a Wal-Mart assistant manager in Florida be taken by telephone or other remote electronic means.</u>

The alleged eyewitness to the accident, James LeBrun, is no longer an employee of Wal-Mart. We have provided plaintiff with his last known address. The assistant manager named on the store's accident report, Racquel Hutson, is now an employee of a Wal-Mart store in Miami, Florida. We are given to understand that she was the member of management who responded to the scene after the accident had already occurred and filled out the accident report. On numerous occasions we have requested that plaintiff consent to conduct the deposition of Racquel Hutson via telephone or other electronic means, the last being by facsimile on October 5, 2007, a copy of which is annexed hereto. To date, we have had no response.

It is respectfully requested that the deposition of Racquel Hutson be conducted via telephone or other

*Lopez. v. Wal-Mart Stores East, LP 07 CV 03912*
Page Two
October 15, 2007

electronic means. The

> Federal Rules of Civil Procedure authorize the court to permit a telephone deposition and such permission should be granted unless an objecting party will likely be prejudiced or the method employed "would not reasonably ensure accuracy and trustworthiness . . . ." *Rehau, Inc. v. Colortech, Inc.*, 145 F.R.D. 444, 446 (W.D.Mich. 1993) (citing *Colonial Times, Inc. v. Gasch*, 166 U.S. App. D.C. 184, 509 F.2d 517 (D.C. Cir. 1975). Thus, authorization of a telephone deposition does not depend upon a showing of hardship by the applicant. *See, e.g., id.* at 446; *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 430-31 (M.D.N.C. 1986).

*Fireman's Fund Ins. Co. v. Zoufaly*, 93 CV 1890 (SWK) (1994). The rationale for the rule is to minimize unnecessary costs to parties whenever that can be accomplished with no loss of accuracy and integrity. *Id.*

It is respectfully submitted that a telephone deposition of Racquel Hutson would not result in any prejudice to the plaintiff. Moreover, it would serve the purpose of alleviating airline and hotel costs for the unnecessary travel of Ms. Hutson from Florida to New York, for what should be a very short deposition, with no loss of accuracy and integrity.

Respectfully submitted,

BRODY, O'CONNOR & O'CONNOR, ESQS.

Patricia A. O'Connor (PO5645)

cc:   Gary Slobin

*Handwritten annotation:* At the plaintiff's option, the Hutson deposition shall take place (1) by video conferencing to be arranged and paid for by defendant, or (2) in Miami, Fla., in which case each party shall bear their own costs.

So ORDERED

[signature]

11/20/07